UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARKSDALE SCHOOL PORTRAITS, LLC, d/b/a HOCKMEYER WITH BARKSDALE, and BSP NEW ENGLAND, LLC d/b/a HOCKMEYER WITH BARKSDALE, <br><br>Plaintiffs, <br><br>v. <br><br>ELIZABETH HOCKMEYER WILLIAMS, and E-LLUMINATIONS, <br><br>Defendants. | * * * * * * * * * * * * * * * | Civil Action No. 20-cv-11393-IT |
| ELIZABETH HOCKMEYER WILLIAMS, and E-LLUMINATIONS (a d/b/a of JCW CONSULTING, LLC), <br><br>Counterclaim and Cross-Claim Plaintiffs, <br><br>v. <br><br>BARKSDALE SCHOOL PORTRAITS LLC, d/b/a HOCKMEYER WITH BARKSDALE, BSP NEW ENGLAND, LLC, d/b/a HOCKMEYER WITH BARKSDALE, WAYNE BARKSDALE individually, and SUSAN SHERIDAN, individually. <br><br>Counterclaim Defendants. | * * * * * * * * * * * * * * * * * * | |

**<u>ORDER</u>**
August 31, 2021

**TALWANI, D.J.**

Before the court is Plaintiffs' <u>Motion for Sanctions</u> [#46]. Plaintiffs Barksdale School

Portraits, LLC, and BSP New England, LLC (collectively "Barksdale School Portraits") allege

that Attorney Jeffrey Rosin, counsel for Defendants Elizabeth Hockmeyer Williams and E-lluminations, engaged in misconduct during Barksdale School Portrait's deposition of Ms. Williams. Namely, Barksdale School Portraits alleges that Mr. Rosin took advantage of the remote nature of the deposition proceedings to surreptitiously provide Ms. Williams with the answers to dozens of questions asked of her during the deposition. Barksdale School Portraits seeks, as a sanction for this conduct, dismissal of Ms. Williams' claims and defenses or, in the alternative, lesser sanctions such as directing the jury to form an adverse inference based on Mr. Rosin's conduct and displaying the video to the jury to impeach Ms. Williams' credibility. Additionally, Barksdale School Portraits requests that the court refer Mr. Rosin to the state bar disciplinary authority. As set forth more fully below, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART and the request for disciplinary action is referred to the Presiding Judge pursuant to Local Rule 83.6.5.

    I.    <u>Background</u>

This action is one of two related actions involving Barksdale School Portraits and its former employee, Ms. Williams. In this action, Barksdale School Portraits brings several claims under federal and state law accusing Ms. Williams of wrongful conduct during her employment and in the establishment of a new and competing company, E-lluminations.[1] See Pls.' Second Am. Compl. [#49]. Ms. Williams brings counterclaims against Barksdale School Portraits and crossclaims against its owners, Wayne Barksdale and his wife, Susan Sheridan, for wrongful employment practices. Defs.' Second Am. Answer, Affirmative Defenses and Countercls. [#37]. In the related action, No. 20-cv-11640-IT, which has been consolidated for the purposes of

---

[1] E-lluminations is a tradename for JCW Consulting, LLC, whose sole member/manager is Jeffrey Williams, Ms. Williams' husband. See Notice of Residence [#19].

discovery, see Elec. Order [#26], Ms. Williams' husband, Jeff Williams, has sued Barksdale School Portraits, Wayne Barksdale, and Susan Sheridan for violating state and federal employment laws, breach of contract, and unjust enrichment; and has also sued Wayne Barksdale for loss of consortium. See Am. Compl. [#16]. In that action, Barksdale School Portraits has joined Ms. Williams as a third-party Defendant. See Answer and Joinder [#20]. Attorney Jeffrey Rosin represents Ms. Williams, E-lluminations, and her husband in both actions.

On March 22, 2021, Plaintiffs' counsel noticed Ms. Williams' videoconference deposition via Zoom, specifying that "[t]he deposition testimony will be recorded by stenographic means and videoconference recording."[2] See Notice Dep. [#46-2]. As scheduled, on April 28, 2021, Plaintiffs' counsel took the deposition of Ms. Williams by videoconference over the Zoom platform. During the deposition, Attorney Rosin and Ms. Williams sat in the same conference room. Pls.' Mem. 2 [#47]. Over Plaintiffs' counsel's objection, both Mr. Rosin and Ms. Williams wore face masks throughout the entire deposition, citing "COVID rules." Defs.' Opp'n 9 [#52]; Pls.' Mem. 2 [#47]. In the fifth hour, Plaintiffs' counsel overheard Attorney Rosin provide Ms. Williams with an answer to a question and witnessed Ms. Williams repeating the same answer as her own. Pls.' Mem. 2 [#47]. Counsel for Plaintiffs confronted Mr. Rosin at that time and raised concerns about an ethical violation, but Mr. Rosin rebuffed the allegation and the deposition

---

[2] There are, therefore, two "official" records of the deposition: the stenographic transcription and the videographer's videoconference recording. The parties have submitted a copy of the video recording to the court and a disk containing that recording is filed, under seal, with the Clerk. The parties have not submitted a copy of the stenographic transcription.
  After Plaintiffs filed their motion for sanctions, in an attempt to expedite matters, the court directed the parties to agree upon an independent transcriptionist to transcribe the video recording of the deposition. See Elec. Order [#51]. A copy of that transcription has been filed under seal but is of poor quality. See Tr. Williams Dep. [#58]. Accordingly, the court has relied on the video recording itself, rather than the transcription of that recording.
  In any event, as discussed below, Mr. Rosin does not dispute that he made the alleged statements.

3

continued. Id. Following the deposition, Plaintiffs' counsel reviewed the video recording of the deposition and identified over 50 other instances where Plaintiffs' counsel heard Mr. Rosen surreptitiously provide Ms. Williams an answer to a question followed by Ms. Williams repeating the answer. Id. at 3.

Plaintiffs' Motion for Sanctions [#46] followed. Plaintiffs request that the court dismiss Ms. Williams' claims and defenses as a sanction under Fed. R. Civ. P. 30(d)(2). Pls.' Mem. 12–15 [#47]. In the alternative, Plaintiffs request two forms of lesser relief. First, Plaintiffs request that Ms. Williams be prohibited from providing testimony at trial on the same issues on which she was coached during the deposition and that the jury be instructed to make an adverse inference as to those answers that were coached. Id. at 15–16, 18. Second, Plaintiffs request leave to present portions of the deposition to the jury in order to impeach Ms. Williams' credibility as a witness. Id.

In any event, Plaintiffs request that the court refer Mr. Rosin to the Massachusetts Board of Bar Overseers for further investigation. Id.[3]

## II. Discussion

Under Fed. R. Civ. P. 30(d)(2), the court "may impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent." The court holds "considerable discretion in the selection and imposition of sanctions." Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 123 (1st Cir. 2012); see also Francisco v. Verizon S., Inc.,756 F. Supp. 2d 705, 712 (E.D. Va. 2010), aff'd, 442 F. App'x 752 (4th Cir. 2011) ("Although Rule 30(d)(2) does

---

[3] Plaintiffs also sought their costs and fees associated with the motions for sanction and a stay of discovery until the motion for sanctions was resolved. Pls.' Mem. 17 [#47]. Following the hearing on this motion, Plaintiffs and Attorney Rosin resolved Plaintiffs' request for fees and costs, see Jt. Statement 3 [#73], and discovery has been stayed based on the parties' request for a referral to a magistrate judge for mediation. See Elec. Order [#78].

Case 1:21-mc-91571-LTS   Document 1   Filed 08/31/21   Page 5 of 8

not define the phrase 'appropriate sanction,' the imposition of discovery sanctions is generally within the sound discretion of the trial court.").

At the hearing on Plaintiffs' motion, the court inquired as to whether Mr. Rosin disputed making the alleged statements. While Mr. Rosin took issue with the context surrounding the statements—arguing that they were the product of frustration with opposing counsel's questioning—he did not dispute that he had made the challenged statements to Ms. Williams.

There can be little question that Mr. Rosin's actions during Ms. Williams' deposition constitute misconduct. By exploiting the remote nature of the deposition to improperly assist Ms. Williams, Mr. Rosin plainly frustrated Plaintiffs' rights to a fair examination of Ms. Williams. Making matters worse, Mr. Rosin's actions were not a momentary or single lapse of judgment but were repeated numerous times over the course of the day. In coaching Ms. Williams during her deposition, Mr. Rosin undermined the truth-seeking purpose of discovery. Furthermore, Mr. Rosin's conduct has the effect of sowing seeds of doubt in the minds of litigators and judges as to the effectiveness of remote deposition proceedings, which have become an important tool of the court during the public health crisis.

Although Defendants do not dispute that Mr. Rosin surreptitiously fed answers to Ms. Williams during the deposition, they nevertheless contend that they should not be subject to sanctions. Defendants' arguments for why sanctions are not appropriate are unpersuasive.

First, Defendants argue that the court should not grant Plaintiffs' request for sanctions where Plaintiffs have "unclean hands" as a result of "unprofessional" and "untoward" behavior exhibited by Plaintiffs' counsel towards Ms. Williams during the deposition. Defs.' Opp'n 12 [#52]. Defendants also point to Plaintiffs' alleged failure to disclose relevant and responsive documents during discovery. Id. Courts "have repeatedly held, however, that a defense of unclean

hands may not be based on discovery misconduct." Synopsys, Inc. v. Magma Design Automation, Inc., No. C-04-3923 MMC, 2007 WL 420184, at *5 (N.D. Cal. Feb. 6, 2007). Instead, where a party contends that its opponent has failed to comply with their discovery obligations, the appropriate remedies are found within the Federal Rules (e.g., a motion for a protective order or a motion to compel). Mr. Rosin is not relieved of his obligation to engage in fair and ethical discovery practices simply because he perceives unfair play by the other side.

Second, Defendants contend that the answers provided by Ms. Williams during the deposition were always truthful. Defendants insist Ms. Williams required "professional help to make sure that her truth [was] not obscured in the face of substantial adversity" and that "there was no sanctionable conduct" where "[a]ll of Elizabeth's testimony [was] truthful." Defs.' Opp'n 14 [#52]. This argument is based on the untenable premises that Mr. Rosin's understanding of the facts is authoritative and that the formal modes of discovery set forth in the Rules of Civil Procedure may be ignored. It is the finder of fact, and not Ms. Williams' counsel, who will ultimately determine whether Ms. Williams' testimony was truthful or credible, and Plaintiffs are entitled to utilize the modes of discovery set forth in the Rules to test the truth of that testimony.

That leaves the question of the appropriate sanctions. Plaintiffs argue that the court should exercise its authority under the rules to dismiss all of Ms. Williams' claims and defenses with prejudice. As the First Circuit has noted, "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (citing Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988)). Here, Mr. Rosin's conduct was clearly unacceptable conduct by an attorney and, to his credit, Mr. Rosin acknowledges as much. However, the wrongdoing here was largely *Mr. Rosin's*; while Ms. Williams was complicit, the record before the court suggests that Ms. Williams was

following her counsel's lead. Because the court finds that wrongdoing here is primarily the result of counsel's conduct and because the wrongdoing did not unfairly prejudice Plaintiffs, dismissal is too severe a sanction.

Next is Plaintiffs' alternative request to prohibit Ms. Williams from providing any testimony at trial on those questions where Mr. Rosin fed Ms. Williams answers and, furthermore, for the court to instruct the jury to make an adverse inference against Ms. Williams as to those questions. However, as previously discussed, where the level of Ms. Williams' complicity in the conduct is unclear, the sanctions requested would effectively punish Ms. Williams for Mr. Rosin's wrongdoing while not necessarily furthering the truth-seeking functions of the court.

Plaintiffs ask further that they be permitted "the right to play and highlight to the jury the recorded exchanges of Rosin's witness-leading comments . . . ." Pls.' Mot. 2 [#46]. The court finds this relief is appropriate as it will allow the jury to assess Ms. Williams' credibility rather than substituting either Mr. Rosin's or Plaintiffs' counsel's assessment of her testimony.

Finally, Mr. Rosin shall be disqualified from continuing to represent Plaintiffs in this action. Courts have held that disqualification is proper where ". . . the claimed misconduct in some manner taints the underlying trial or the legal system." Rizzo v. Sears, Roebuck & Co., 127 F.R.D. 423, 425 (D. Mass. 1989) (quoting Greenebaum Mountain Mortg. Co. v. Pioneer Nat'l Title Ins., 421 F.Supp. 1348, 1353 (D. Colo. 1976)). Disqualification is not to be taken lightly since it "could well hang over an attorney's name and career for years to come." Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1562 (11th Cir. 1997) (citations omitted). Moreover, disqualification "may deny a litigant of the right to counsel of his choice." Borman v. Borman, 378 Mass. 775, 787, 393 N.E.2d 847, 855 (1979). For these reasons, "[a]n attorney may be disqualified only when there is 'a reasonable possibility that some specifically identifiable

impropriety' actually occurred and, in light of the interests underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his choice." Kitchen v. Aristech Chem., 769 F. Supp. 254, 257 (S.D. Ohio 1991) (quoting United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979)). Notwithstanding the gravity of a disqualification order for both Mr. Rosin and his clients, disqualification is necessary and appropriate here as permitting Mr. Rosin's continued representation in this proceeding would suggest a modicum of tolerance for Mr. Rosin's conduct where there is none.

Plaintiffs' request that Mr. Rosin be disciplined falls under Local Rule 83.6.5. The court has screened Plaintiffs' request, and having found the allegations of attorney misconduct both "reasonably plausible and potentially serious," see L.R. 83.6.5(b), the court refers this matter to the presiding judge for review and possible further action.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Sanctions [#46] is GRANTED IN PART and DENIED IN PART. Plaintiffs shall be permitted to play the recorded exchanges of Attorney Rosin's witness-leading comments at trial and Attorney Rosin is disqualified from representing Plaintiff in this matter. The Clerk is instructed to refer the request for attorney discipline to the presiding judge for further proceedings as provided in Local Rule 83.6.5.

IT IS SO ORDERED.

Date: August 31, 2021

/s/ Indira Talwani
United States District Judge