**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ ) | | |
| ) | | |
| In re: JEFFREY ROSIN. ) | | Misc. Business Docket |
| ) | | No. 21-mc-91571-LTS |
| _____ ) | | |

## <u>RESPONSE TO SHOW CAUSE ORDER (REDACTED VERSION)</u>

Respondent hereby submits this response ("Response") to the Order to Show Cause ("Order") entered by this Court on September 9, 2021 (Docket Entry #3).  As set forth below, Respondent concedes poor judgment and improper comments at the deposition at-issue, but requests that no further discipline be assessed given the extent of the sanctions already imposed. The sanctions and discipline in similar cases have typically been monetary, directing the offending party to pay costs associated with the misconduct, and efforts are typically made to tailor the relief to the offense itself.  Here, full sanctions beyond that have already been imposed and the Court's existing sanctions substantially discipline Respondent.  Accordingly, for the reasons below, Respondent should not be further disciplined and/or the proposed Consent Judgment filed herewith under seal should be entered.

As background to the matter, Respondent encountered substantial technological and other adversity the day of the deposition of Elizabeth Williams and failed to properly troubleshoot. Respondent acknowledges that in the face of this adversity, and despite complying with Rule 30(d)(3) in multiple ways at the deposition, Respondent exercised poor judgment and made improper comments on various occasions and did not fully comply with Rule 30(d)(3). Respondent does not seek to excuse that poor judgment.  He has accepted it from the beginning, acknowledging being caught up in the moment, and he has been substantially sanctioned and

1

disciplined for it.  Respondent has stepped aside without challenge to the Order to withdraw, paid sanctions, foregone fees detailed below, assisted his clients in finding new counsel (twice, as the first new counsel tragically passed away in August 2021), been publicly disciplined and reprimanded by way of Judge Talwani's Order and the initiation of this action bearing his name (*In re Jeffrey Rosin*) and publicly reprimanded in local and national reports of Judge Talwani's Order.  Respondent has no prior history of discipline and even in the underlying case at-issue, there were four other depositions without issue or incident that followed the deposition at-issue. Further discipline here would be disproportionate against this background.

### BACKGROUND PERTAINING TO THE *BARKSDALE* MATTERS

This proceeding relates to two matters currently pending before this Court (Talwani, J.), which were consolidated for discovery purposes, and in which a Stipulated Confidentiality Order exists.  The first case is that of *Barksdale School Portraits, LLC v. Hockmeyer Williams*, Civil Action No. 1:20-cv-11393-IT.  As the public record shows, in this first case, the Plaintiffs brought claims against Elizabeth Hockmeyer Williams ("Williams") and Williams brought counterclaims. Respondent represented Williams and the other defendants-counterclaimants. *See* Civil Action No. 1-20-cv-11393-IT, Documents 1, 5, 15, 37.  Williams' counterclaims allege sexual harassment against Wayne Barksdale, anti-competitive conduct, and wage-hour violations and retaliation. *See id.* Document 37.  Against Williams, the plaintiffs alleged that she improperly started a competitive school photography company and claims associated therewith, including a later-added claim for defamation. *Id.* Document 49.

The second case is brought by Williams's husband, Jeff Williams ("Jeff").  The case of *Jeff Williams v. Barksdale, et al.*, Civil Action No. 1:20-11640-IT, alleges wage hour violations and loss of consortium given the ways defendant Wayne Barksdale allegedly mistreated Jeff's wife, Elizabeth Williams. *See* Civil Action No. 1-:20-cv-11640-IT.

2

Respondent was counsel for both Williams and her husband, Jeff, but duly withdrew from both actions upon Judge Talwani's Order pertaining to the events at Elizabeth Williams' deposition. Prior to Judge Talwani's Order, and after the deposition of Elizabeth Williams, Respondent defended the deposition of Jeff Williams and took the depositions of three persons from the Barksdale Parties (Wayne Barksdale, Susan Sheridan Barksdale and Belle Lawrence), all four depositions without issue or complaint from the Barksdale parties.

According to public filings in these two matters, both matters are highly contentious and the Williams both allege working for no compensation for the Barksdale parties, purportedly being retaliated against, and Elizabeth Williams being reportedly sexually harassed by Wayne Barksdale. According to the public filings, Elizabeth Williams felt trapped, as Barksdale acquired her parents' company and reportedly, her parents only would be paid out over time based on Williams' success in the region and her retention of school photography customers. _See_ Civil Action No. 1:20-cv-11393-IT, Document 59. Thus, Williams allegedly tolerated substantial misconduct from Wayne Barksdale. According to public filings, Jeff Williams felt compelled to resign amidst this mistreatment alleged, but yet, he continued to be called upon to work without compensation after his resignation. Jeff allegedly felt trapped as well, as he was the Information Technology Director, but the company never hired a replacement after he resigned and Jeff needed his wife to succeed. _Id._ Respondent concedes he was caught up emotionally in the situations his clients alleged. _See_ Civil Action No. 1:20-cv-11393-IT, Document 59.

The parties exchanged written discovery and in April, 2021, the deposition of Elizabeth Williams took place over Zoom on April 28, 2021. Present for plaintiffs-counterclaim defendants were Attorney Michael Homans (for the Barksdale parties), Wayne Barksdale (defendant in counterclaims), Susan Sheridan Barksdale (defendant in counterclaim), Belle Lawrence (defendant in counterclaim), and present for the defendants-counterclaimants-plaintiffs were

Williams, her husband Jeff and Respondent. _See_ Civil Action No. 1:20-cv-11393-IT, Document 59.   According to the public filings, Elizabeth Williams was hospitalized before the deposition and after the deposition. _Id._   According to the public filings, Elizabeth was agitated repeatedly during the deposition and Attorney Homans needed to be reminded to be professional. _Id._  Further, Respondent acknowledged poor judgment and various mutterings upon questions by Attorney Homans that were repeated by his client.

The deposition has been marked confidential per the parties' Confidentiality Stipulation and Order. _See_ Civil Action No. 20-cv-11393-IT, Document 40. Accordingly, the remainder of this Response is requested to be filed under Seal.   There are two written transcripts of the deposition of Williams:  (1) the original transcript by Golkow reporting ("OT") (2) the Court Ordered "neutral third party" transcript ("NTPT"), which was Ordered by Judge Talwani upon the Barksdale parties' Motion for Sanctions (_see_ Civil Action No. 1:20-cv-11393, Document 51), and (3) the Zoom audio/visual recording ("ZT") that counsel for the Barksdale Parties forwarded to Judge Talwani by email, under seal.  All three are also requested to filed herewith under seal as Exhibits B, C and D, respectively.  Exhibit A, also requested to be filed under seal, provides the summary of the confidential matters at the deposition.

## REMAINDER OF MOTION PROPOSED TO BE SUBMITTED UNDER SEAL

a

s

th

T███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████ness

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████

                        ████████████████████████

        ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

i ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

        ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

t

6

t



al ███████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████

## CONCLUSION

WHEREFORE, for the reasons stated above, Respondent respectfully requests that this Court find that no further discipline is assessed and/or enter the proposed agreed-upon Consent Judgment filed under seal herewith with the alternative relief suggested.

Respectfully submitted,

RESPONDENT,
Jeffrey Rosin,

By his attorneys,

_____

Susan E. Cohen, Esq.  BBO#553353
Catherine A. Maronski, BBO #703673
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
scohen@peabodyarnold.com
cmaronski@peabodyarnold.com

**Dated:**  November 24, 2021

## CERTIFICATE OF SERVICE

I, Susan E. Cohen, hereby certify that I have this 24th day of November, 2021, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

_____

Susan E. Cohen

16457-207484
2272543