UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| ROBERT M. FARRELL, Clerk of Court, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Misc. Business Docket |
| | ) | No. 21-91571-LTS |
| JEFFREY ROSIN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER

January 19, 2022

SOROKIN, J.

Pursuant to the District of Massachusetts Local Rule 83.6.5(c)(2), Attorney Jeffrey Rosin was referred to this Session of the Court for potential attorney discipline by Judge Talwani on August 31, 2021.  Doc. No. 1 (finding "the allegations of attorney misconduct both 'reasonably plausible and potentially serious'").  After reviewing the Referral de novo, see L.R. 83.6.5(d), the Court ordered Attorney Rosin to show cause why discipline by this Court would be unwarranted.  Doc. No. 3.  After receiving submissions from Attorney Rosin, represented by counsel, the Court held a hearing on January 19, 2022 pursuant to Local Rule 83.6.5(i).

After careful consideration, the Court finds under the applicable standard that Attorney Rosin's conduct at one deposition in the case pending before Judge Talwani violated the Massachusetts Rules of Professional Conduct, applicable to lawyers practicing before this Court. L.R. 83.6.1(d).  In particular, Rule 3.4(c) provides that counsel "shall not knowingly disobey" other rules of the tribunal, such as Federal Rule of Civil Procedure 30(d) which permits sanctions for conduct by a lawyer that "impedes, delays, or frustrates the fair examination of [a] deponent."

And, Rule 8.4(h) provides that "[i]t is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on his or her fitness to practice law."  The conduct at issue here plainly ran afoul of these Rules.  Attorney Rosin has never disputed nor denied the conduct giving rise to this proceeding.  Thus, there is no need to delve further into the factual record on this point.

The Court now turns to the question of sanctions.  Prior to this deposition, over many years of practice, Attorney Rosin conformed his conduct to the Rules of Professional Conduct.  Indeed, after the deposition giving rise to this proceeding, Attorney Rosin participated in four more depositions in the same action, taking or defending each without further incident.  The deposition in question itself presented difficult and unusual circumstances.

In addition, Attorney Rosin has already suffered several consequences for his misconduct.  He had to withdraw from the underlying case.  He paid the fees of opposing counsel for the motion for sanctions.  He and his firm forgave the fee for representing his client in the underlying case, which approximated $65,000, and he spent additional uncompensated time getting his former client's new lawyers up to speed.  Most significantly, he has been impacted professionally and personally by the public nature of the reprimand, the initiation of this public misconduct proceeding, and the media attention garnered by these events.  Finally, Attorney Rosin has also accepted responsibility for his misconduct, something becoming increasingly less common.

Considering the totality of the circumstances, the Court refers Attorney Rosin to Lawyers Concerned for Lawyers for the limited purpose of receiving and completing counseling on better management of emotions and judgment in the face of adversity.  The Court finds no other or

further sanction appropriate in the circumstances, and no further proceedings or sanctions are warranted.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge